IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00561-NRN

LEON JOHN KULASA,

Plaintiff,

v.

WYNDHAM VACATION RENTALS NORTH AMERICA, LLC,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S
TAXATION AWARD TO DEFENDANT (Dkt. #105)**

---

**N. Reid Neureiter
UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court upon consent of the parties to magistrate judge jurisdiction (Dkt. #23) and the Order of Reference entered by Chief Judge Philip A. Brimmer on May 23, 2019. Dkt. #24. Now before the Court is Plaintiff Leon John Kulasa's Motion for Review of Clerk's Taxation Award to Defendant. Dkt. #105. The Court has considered the motion and Defendant Wyndham Vacation Rentals North America, LLC's ("Wyndham") response (Dkt. #106), and has taken judicial notice of the file. For the reasons discussed below, the motion is granted in part and denied in part.

On October 8, 2020, the Court entered an Order (Dkt. #91) granting Wyndham's Motion for Summary Judgment. Dkt. #70. Judgment was entered in favor of Wyndham and against Mr. Kulasa, and the action was dismissed with prejudice. Dkt. #92.

As the prevailing party, Wyndham was entitled to its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. Wyndham timely filed its proposed Bill of Costs on October 19, 2020. Dkt. #93. A hearing on the proposed Bill of Costs was set before Edward Butler, the designated deputy clerk, for November 18, 2020, and the Clerk's Guide to Bills of Cost Hearings was filed on the docket for the parties' reference. Dkt. #94. On November 18, 2020, Wyndham filed a Supplement to the Bill of Costs (Dkt. #102), and the hearing was held. *See* Dkt. #104. Costs were taxed by clerk in the amount of $5,959.15 against Mr. Kulasa, and the parties were explicitly reminded that the clerk's decision is subject to judicial review "[o]n motion served within the next seven days, the court may review the clerk's action." Dkt. #104 at 1 (quoting Fed. R. Civ. P. 54(d)(1)). Mr. Kulasa filed the subject motion for review of the award of costs on November 27, 2020. Dkt. #105.

After costs have been fixed by the clerk, a motion may be made for the judicial review of the clerk's action. *See* Fed. R. Civ. P. 54(d)(1). "According to the last sentence in Rule 54(d)(1), the motion must be served within 7 days after the clerk has taxed the costs." 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2679 (4th ed.). "[A] party's failure to file a motion for review of costs with the district court within the [applicable] period constitutes a waiver of the right to challenge the award." *Bloomer v. United Parcel Serv., Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003) (construing a previous version of Rule 54(d)(1) with a five-day review period). *See also Walker v. California,* 200 F.3d 624, 626 (9th Cir. 1999) (holding that a party may demand judicial review of a cost award only if that party has filed a proper motion within the time period specified in Rule 54(d)(1)).

Mr. Kulasa's objections are not timely. As noted above, the clerk entered the award of costs on November 18, 2020. Mr. Kulasa did not file his objections until November 27, 2020. When computing time for a period stated in days, the period excludes the day of the event that triggers the period. *See* Fed. R. Civ. P. 6(a)(1)(A). Mr. Kulasa's objection period, thus, began on November 19, 2020 and ran until November 26, 2020. His objections were not filed until November 27, 2020, one day later.

The Court recognizes that "the taxing of costs rests in the sound discretion of the trial court," *Gabbo Farms & Orchards v. Pode Chem. Co.*, 81 F.3d 122, 124 (10th Cir. 1996), and because the time limitations in Rule 54(d)(1) are not jurisdictional, courts have discretion to entertain untimely motions. *See West v. New Mexico Taxation & Revenue Dep't*, No. CIV 09-0631 JB/CG, 2011 WL 5223010, at *6 (D.N.M. Sept. 30, 2011) ("Other courts within the Tenth Circuit have held that the failure to object within the seven days does not affect the court's ability to reach the merits of the objections."). Here, Mr. Kulasa does not make a strong case for the Court to consider his waived objections. His motion does not explain why it was filed after the seven day deadline, nor did he file a reply after Wyndham pointed out the motion's untimeliness in its response. Moreover, the Court notes that Mr. Kulasa's untimely objections cannot be excused under Fed. R. Civ. P. 6(d), which adds three days "[w]hen a party may or must act within a specified time after being served and service is made" by mail, because "the 7–day period set forth in Rule 54(d)(1) is not triggered by service." *Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08 CIV.8786 RMB THK, 2010 WL 3720834, at *2 (S.D.N.Y. Sept. 22, 2010).

However, in light of Mr. Kulasa's pro se status and the Court's obligation to "carefully scrutinize the items proposed by a prevailing party as costs," *In re William Securities Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (internal quotations omitted), the Court will exercise its discretion and consider whether the costs awarded were necessary and allowable.

The taxing of costs pursuant to Rule 54(d)(1) rests in the sound judicial discretion of the trial court, *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir.1996), and an abuse of that discretion occurs only where the trial court "bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982). The trial court's exercise of this discretionary power "turns on whether or not the costs are for materials necessarily obtained for use in the case." *U.S. Indus.*, 854 F.2d at 1245. Further, the burden is on the party seeking costs to establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986).

It is well established that "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). "Denying costs to a prevailing party is a 'severe penalty' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" *Dillon v. Twin Peaks Charter Academy*, No. 99–2462, 2009 WL 3698519, *1 (D.Colo.2009) (quoting *Klein v. Grynberg*, 44 F.3d 14497, 1507 (10th Cir. 1995)).

Wyndham's proposed Bill of Costs included an itemized list of costs and the invoices supporting each cost listed. *See* Dkt. #93. There were only two categories of costs sought: fees related to court reporter services and "other costs." The clerk reduced the former from $6,428.95 to $5,794.45, and the latter from $1,164.06 to $164.70. *See* Dkt. #104 at 1.

Regarding the deposition costs, § 1920(2) provides for taxation of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. *In re William Securities*, 558 F.3d at 1148. "To be recoverable, a prevailing party's transcription and copy costs must be 'reasonably necessary to the litigation of the case.'" *Id.* (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)).

Here, a transcript of Mr. Kulasa's deposition was necessary to the case and was used by the Court in deciding Wyndham's summary judgment motion. *See Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 434–35 (10th Cir.1990) (a district court does not abuse its discretion in taxing transcription costs associated with depositions that were "actually utilized by the court in considering [the defendant's] motion for summary judgment"). However, the clerk also allowed costs in the amount of $2,662.00 for the video-recording of that deposition. The clerk determined that Wyndham's grounds for recovering these costs—that the video was used to capture Mr. Kulasa's emotions—is sufficient to justify an award under Rule 54(d). The Court cannot agree.

While a video-recording of Mr. Kulasa's deposition may have been helpful to Wyndham's counsel in developing a litigation strategy and potentially could have proved useful at trial in terms of appealing to the ultimate factfinder, it cannot be said to have been *necessary* for this case. Had it gone to trial, Mr. Kulasa would have testified as a witness and his emotions would have been put on display for the finder of fact in that manner. The video-recording may have provided extra arrows for Wyndham's quiver of weapons at trial but in light of what was at stake in this case, video-recording, in addition to written transcription, was not necessary. Further, the video-recording was not submitted to nor viewed by Court. Any emotion displayed during the deposition that was not discernable through the written transcript had no effect on the Court's decision to grant judgment in Wyndham's favor.

I recognize that the Tenth Circuit has approved a trial court's exercise of its discretion to award as costs the expense of both stenographic and video-recording of depositions in an expansive and complex libel case. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997). I also recognize the statement in footnote 3 of the *Tilton* decision to the effect that, "[m]ost courts have agreed that a district court may tax the costs of a video deposition under section 1920(2)." Nevertheless, just because a lawyer can deploy any number of tools on behalf of their client's case, it does not follow that all of those tools are *necessary* for the defense or prosecution and must be included in a cost award under 28 U.S.C.A § 1920(2). Lawyers need to have sense of proportion in terms of how they spend money in furtherance of a client's position. Magistrate judges are charged with limiting the scope of discovery to what is "proportional to the needs of the case," considering, among other things, "the

importance of the issues at stake in the action," and "the amount in controversy." In this case, which was a relatively simple employment discrimination case brought by a pro se plaintiff, the written deposition transcript of Mr. Kulasa was all that was *necessary* for the defense. The video-recording may have proven helpful if the case had gone to trial, but it was not reasonably necessary.

For these reasons, costs in the amount of $2,662.00 associated with Veritext Invoice #CS4124621 are not recoverable, and the taxed costs must to adjusted accordingly.

Upon careful review of the remaining costs incurred by Wyndham, the Court finds that they were appropriately awarded by the clerk.

For the reasons set forth above, Plaintiff Leon John Kulasa's Motion for Review of Clerk's Taxation Award to Defendant (Dkt. #105) is GRANTED IN PART and DENIED IN PART such that the award of costs in the Bill of Costs (Dkt. #104) is reduced by $2,662.00 to remove costs taxed improperly based on the cost of Mr. Kulasa's video-recorded deposition.

BY THE COURT

Date: December 23, 2020  
Denver, Colorado

_____  
N. Reid Neureiter  
United States Magistrate Judge